IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LEAH MICHELLE HODGES, | § § § | |
| Plaintiff, | § § | |
| v. | § | Civil Action No. 4:15-CV-00506-BL |
| CAROLYN COLVIN, Commissioner of the Social Security Administration, | § § § § § | |
| Defendant. | § § | |

## MEMORANDUM ORDER AND OPINION

Pursuant to 42 U.S.C. § 405(g), Leah Hodges seeks judicial review of the decision of the Commissioner of Social Security, who denied her application for disability insurance benefits under Title II of the Social Security Act. This case was assigned to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The parties have consented to proceed before a United States Magistrate Judge. (Doc. 16). After considering the pleadings, briefs, and administrative record, this Court finds that the decision of the Commissioner is not based on legal error, is supported by substantial evidence, and is therefore affirmed and Hodges' case dismissed.

## I. STATEMENT OF THE CASE

Hodges filed an application for DIB on February 15, 2011, alleging impairments that were disabling as of July 15, 2009. That application was denied initially on October 13, 2011 and again on reconsideration on December 15, 2011. Hodges requested a hearing, which was held before an Administrative Law Judge on September 25, 2012. The ALJ issued a decision on December 18, 2012 finding Hodges not disabled. That decision was remanded by the Appeals

Council on January 8, 2014. A second ALJ hearing was held on November 3, 2014. The ALJ then issued a decision on March 11, 2015 finding Hodges not disabled.

Specifically, the ALJ found during step one that she had not engaged in substantial gainful activity since August 22, 2009. (Doc. 13-3, 12). At step two, the ALJ found Hodges had the severe impairments of degenerative disk disease of the cervical spine, fibromyalgia, migraines, gastroesophageal reflux disease, obesity, bipolar disorder, major depression, anxiety, a history of attention deficit disorder, and polysubstance addiction. (Doc. 13-3, 13). At step three, the ALJ found that Hodges "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments...." (Doc. 13-3, 23). The step three analysis continued, with the ALJ finding that Hodges

> Retains the residual functional capacity to perform light work with the following abilities and restrictions: Lift and carry 20 pounds occasionally and 10 pounds frequently; sit 6 hours in an 8-hour workday; stand and walk 6 hours in an 8-hour workday; frequent reaching, handling, and fingering with the bilateral upper extremities; only occasional climbing [of] ramps, stairs, ladders, or scaffolds[; only occasional] balancing[,] stooping, kneeling, crouching, and crawling; only occasional exposure to hazards such as unprotected heights, moving machinery, or operating a motor vehicle; only occasional exposure to humidity, wetness, temperature extremes, vibration, dust, fumes, and chemicals; and ... perform jobs involving detailed, but not complex, job tasks. Ms. Hodges can work full-time at this residual functional capacity on a sustained basis and maintain employment for an indefinite period of time.

(Doc. 13-3, 24). At step four, the ALJ concluded Hodges was able to return to her past relevant work, and was therefore not disabled. (Doc. 13-3, 45).

Hodges applied again to the Appeals Council, which denied review on May 13, 2015. Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the Court for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) ("[t]he

Commissioner's final decision includes the Appeals Council's denial of [a claimant's] request for review.")

## II. FACTUAL BACKGROUND

According to her pleadings, testimony at the administrative hearing, and the administrative record, Hodges was 35 years old and living with her 17 year old son at the time of the second administrative hearing. She has her GED and was enrolled in some college courses until 2013. She has some experience in food service and child care, but most work experience is as a mail-order pharmacy technician.

## III. STANDARD OF REVIEW

A person is disabled if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 1382(c)(a)(3)(A), 423 (d)(1)(A) (2012). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002); 20 C.F.R. § 404.1572(a)-(b).

To evaluate a disability claim, the Commissioner follows a "five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of showing [she] is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial

work in the national economy that the claimant can perform." *Audler*, 501 F.3d at 448. Before proceeding to steps 4 and 5, the Commissioner must assess a claimant's RFC. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). RFC is defined as "the most [a claimant] can still do despite [the claimant's] limitations." 20 C.F.R. § 416.945(a)(1).

This Court's review of the Commissioner's decision to deny disability benefits is limited to an inquiry into whether substantial evidence supports the Commissioner's findings, and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). If substantial evidence supports the Commissioner's findings, then the findings are conclusive and the Court must affirm the Commissioner's decision. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Newton*, 209 F.3d at 452.

The Court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the Court believes the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Moreover, "[c]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Newton*, 209 F.3d at 452.

### IV. DISCUSSION

Hodges raises two issues on appeal. She claims the ALJ committed reversible legal error by failing to discuss her impairments in the context of a listed impairment and by failing to properly consider the opinions of two medical sources.

## A. Listing 12.07

Hodges argues she met the criteria set out for an impairment listed at § 12.07 in appendix 1 of the Social Security regulations and the ALJ therefore erred by failing to discuss that listing in the context of her impairments. (Doc. 20, 3). Appendix 1 notes "[t]he listings for mental disorders are arranged in nine diagnostic categories[,]" including somatoform disorders at § 12.07. 20 C.F.R. § 404, subpt. P. app. 1 § 12.00. As noted above, a claimant bears the burden of proof at step three, and the ALJ's decision must be affirmed if supported by anything more significant than a scintilla of evidence. *Audler*, 501 F.3d at 448; *Newton*, 209 F.3d at 452.

Hodges would attempt to carry her burden by showing her impairment is described by the section on somatoform disorders, which reads:

> Physical symptoms for which there are no demonstrable organic findings or known physiological mechanisms. The required level of severity for these disorders is met when the requirements in both A and B are satisfied.
> A. Medically documented evidence of one of the following:
>> 1. A history of multiple physical symptoms of several years duration, beginning before age 30, that have caused the individual to take medicine frequently, see a physician often[,] and alter life patterns significantly… [and]
>
> B. Resulting in at least two of the following:
>> 1. Marked restriction of activities of daily living; or
>> 2. Marked difficulties in maintaining social functioning; or
>> 3. Marked difficulties in maintaining concentration, persistence, or pace; or
>> 4. Repeated episodes of decompensation, each of extended duration.

20 C.F.R. § 404, subpt. P. app. 1 § 12.07. Hodges points to a diagnosis of somatic symptom disorder as evidence she is impaired as described under § 12.07. (Doc. 20, 5 citing Doc. 14-4, 71). Hodges cites *Audler* and asserts "[i]f the evidence tends to show that Plaintiff's impairments meet the requirements of a listing, the ALJ's failure to provide the reasoning for his step three

finding is not harmless and requires remand." (Doc. 20, 5 citing *Audler*, 501 F.3d at 449). The ALJ in this case determined Hodges did not qualify under any of the impairments listed in the Appendix, specifically analyzing some listings relating to impairments asserted by Hodges in the application and hearing process. A somatoform disorder was not claimed by Hodges until after the ALJ decision, and so the ALJ did not explicitly consider that appendix listing. Hodges would apparently have *Audler* read to require an ALJ to explicitly list every impairment in Appendix 1 and detail why it does or does not apply to the claimant based on the medical evidence of record. (Doc. 20, 4). Hodges seems to argue that the burden is on the ALJ to prove every listed impairment does not apply to her, when the burden is actually hers at step three.

In the impairments the ALJ did expressly reckon with in his decision, he found Hodges had only mild restrictions in activities of daily living and social functioning and moderate difficulties in maintaining concentration, persistence, or pace. These mild and moderate restrictions were insufficient to show disability under the listings considered by the ALJ in the text of the decision, and they are also inadequate to qualify under § 12.07. Section B of § 12.07 requires marked limitations in one of those areas, and Hodges does not dispute the categorization of these limitations, only that the ALJ should have explicitly considered somatoform disorders.

So, it is not error for the ALJ to decline to detail in the text of the decision why § 12.07 does not mandate a finding of disability in this case, as Hodges both failed to claim this somatoform disorder at the appropriate step and continues to fail to meet her burden of showing she qualifies under the listing. Unlike the claimant in *Audler*, Hodges did not complain directly of disability due to the impairment before the ALJ issued the decision, and also does not "appear to have met her burden of demonstrating that she meets the listing requirements[.]" *Audler*, 501 F.3d 449.

## B. Weight of Medical Opinions

Hodges also claims "[t]he ALJ erred in not giving proper consideration to the opinions of Dr. Rodgers and Dr. Schmitt and treating records regarding [her] severe limitations." (Doc. 20, 9). Hodges complains every other medical source was given an assigned weight by the ALJ in the text of the ALJ decision, but then "states that he is not giving Dr. Rodgers' opinion controlling or significant weight and does not state what weight he actually gives [these] opinions ... [and] the ALJ fails to state what weight, if any, he gives Dr. Schmitt's opinions." (Doc. 20, 6).

"[A]bsent reliable medical evidence from a treating or examining specialist, an ALJ may reject the opinion of the treating physician only if the ALJ performs a detailed analysis of the treating physician's views under ... 20 C.F.R. § 404.1527(d)(2)." *Newton*, 209 F.3d at 453. Although opinions from medical sources must be considered by the ALJ "on issues such as whether ... impairment(s) meet[ ] or equal[ ] the requirements of any impairment(s)" listed, RFC and the application of vocational factors are to be decided solely by the Commissioner. 20 C.F.R. § 404.1527(d)(2).

In 20 C.F.R. § 416.927, the Commissioner tells claimants "[g]enerally, we give more weight to opinions from your treating sources .... If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight." Although Hodges argues "[t]his is not a case where there is competing first-hand medical evidence and the ALJ finds ... that one doctor's opinion is more well-founded than another" and neither "is this a case where the ALJ weighs the treating physician's opinion ... against the medical opinions of other

physicians who have treated or examined [Hodges] and have specific medical bases for a contrary opinion[,]" only the fact that Dr. Rodgers himself supplies contradictory medical evidence prevents this from being such a case. As the ALJ found

> ... I do not give controlling or significant weight to Dr. Rodgers' opinions that Ms. Hodges could not work or was disabled, because they were opinions on an issue reserved to the Commissioner; they were not medical opinions. ... Additionally, I do not give significant weight to Dr. Rodgers' opinions regarding Ms. Hodges' functional abilities and limitations because they were inconsistent with the medical records and examination findings, including the treatment records from Dr. Rodgers and the other treating sources.

(Doc. 13-3, 31). Hodges' claim that the ALJ "summarily rejected" the opinion of Dr. Rodgers is not supported by the record, as the ALJ noted which evidence from Dr. Rodgers is inconsistent with Hodges' preferred interpretation of Dr. Rodgers' medical opinion.[1]

Likewise, Hodges' assertion that Dr. Schmitt's medical opinion was not fully considered is contradicted by the ALJ's decision. The ALJ reviewed the evidence and diagnoses supplied by Dr. Schmitt, and disregarded only a GAF score based on Administration guidance. (Doc. 13-3, 15-18) ("It was noted the global assessment of functioning reflects the clinician's subjective judgment about the person's symptom severity and psychological, social, and occupational functioning. The rating does not reflect impairment in function caused by physical or environmental limitations. Although such circumstances might contribute to some of Ms.

---

[1] "The treatment records [from Dr. Rodgers]... indicated Ms. Hodges' reviews of systems were negative for psychiatric complaints, and her examinations were within normal limits, including the psychiatric area[.]" (Doc. 13-3, 15). "Dr. Rodgers indicated Ms. Hodges ... could take care of activities of daily living and drive short distances, but she could not return to work yet. However, those opinions were inconsistent with the mental status examination findings, given that her attention and concentration were mildly to moderately impaired. (Doc. 13-3, 16 (emphasis and citations omitted)). "Dr. Rodgers indicated Ms. Hodges had a problem with cognitive function, and she was unable to work attentively. That opinion was inconsistent with the global assessments of functioning scores given, which indicated mild to moderate symptoms or limitations. ... Although [Hodges] attended college classes, [Dr. Rodgers] did not think she could stay focused long enough to hold a job." (Doc. 13-3, 18 (citations omitted)).

Hodges' symptoms or stress, they are not indications of her actual mental functioning."). Nothing suggests that by declining to categorize the opinion of Dr. Schmitt with a certain weight the ALJ did not fully consider the evidence and opinion supplied by Dr. Schmitt. The ALJ noted the specific diagnoses and limitations assessed by Dr. Schmitt and Hodges has not argued that the ALJ incorrectly reads the opinions of Dr. Schmitt, but rather that failing to state the weight it was given is reversible error. (Doc. 13-3, 15; Doc. 20, 6). The ALJ is not required to use magic words such as stating this opinion is given moderate or limited or qualified weight for the analysis to be any more effective or valid.

Contrary to Hodges' assertion, the ALJ's decision is supported by substantial evidence because the ALJ did not "pick and choose" to consider only some of the medical evidence, but rather listed exhaustively in the decision all the medical visits and opinions and then formed an RFC consistent with the entirety of the medical evidence. (Doc. 13-3, 13 – 45). Hodges has failed to show that there is not substantial evidence supporting the ALJ's decision.

## V. CONCLUSION

Hodges has failed to show that the decision of the ALJ is based on legal error or unsupported by substantial evidence, either in failing to discuss somatoform disorders textually or in the analysis of the evidence offered by Dr. Rodgers and Dr. Schmitt. Considering the foregoing, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and Plaintiff's complaint be **DISMISSED**.

Dated October /2 , 2016.

_____
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**